IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:22CR609 |
| | : | |
| Plaintiff, | : | JUDGE BENITA Y. PEARSON |
| | : | |
| -vs- | : | |
| | : | **AKEEM STAFFORD'S SENTENCING** |
| AKEEM STAFFORD, | : | **MEMORANDUM** |
| | : | |
| Defendant. | : | |

Akeem Stafford submits this memorandum to support his request for a sentence at the lower end the acceptance adjusted range of 77 months to 96 months in prison. Mr. Stafford fully acknowledges the criminality of his actions and the harsh reality he created for himself, particularly given that he committed this crime while on supervised release. Despite his egregiously poor judgment, the imposition of a sentence at the lower end of the range is appropriate based on the nature and circumstances of the offense, Mr. Stafford's history and characteristics, and sentencing statistics for similar offenders.

**I. The Plea Agreement**

As directed by Rule 11(e) of the Federal Rules of Criminal Procedure, the U.S. Attorney's Manual, and the federal sentencing guidelines, the parties' plea agreement honestly reflects the totality and seriousness of Mr. Stafford's conduct. *See* Plea Agreement, Doc #: 66, PageID #: 256-266. A court has discretion to accept or reject the plea agreement. *United States v. Doggart*, 947 F.3d 879, 882 (6th Cir. 2020) ("[A] district court is under no obligation to accept a Rule 11(c)(1)(A) plea deal even if the defendant and the government both agree to it."); Fed. R. Crim. P. 11(c)(3)(A) ("[T]he court may accept the [Rule 11(c)(1)(A)] agreement, reject it, or defer a decision until the court has reviewed the presentence report."). But a court's discretion is not

1

unfettered. *United States v. Cota-Luna*, 891 F.3d 639, 647 (6th Cir. 2018); *United States v. Sabit*, 797 F. App'x 218, 221 (6th Cir. 2019).

Here, during August and September 2022, Mr. Stafford was a courier in an Arizona-Ohio methamphetamine drug channel, which culminated on September 15, 2022 with the FBI's controlled USPS delivery of a package containing 105 grams of cocaine, which the defendant retrieved. *See* Plea Agreement, Doc #: 66, PageID # 262; Affidavit, Doc #: 1-1, PageID #: 2-3. Mr. Stafford gave chase before his apprehension and was transported to the Lorain Police Department where he signed a Miranda warning and gave a full statement to the FBI. Affidavit, Doc #: 1-1, Page ID#: 3. Through negotiations, the parties agreed to the nature and extent of Mr. Stafford's involvement in this crime. On November 12, 2024, the parties signed and had filed this matter's Plea Agreement, which includes a Base Offense Level of 24 and foresaw three potential points for acceptance of responsibility. The parties have confirmed this agreement since its signing in November 2024.

As a result, because the Plea Agreement honestly reflects Mr. Stafford's culpability, the Court should find that, based on its assessment of the agreement and the specific facts and circumstances of this case, the parties' Plea Agreement honestly reflects the totality and seriousness of Mr. Stafford's conduct.

**II. Mr. Stafford**

Mr. Stafford is 38-years old. He "[had] a rough childhood" growing up in "the ghetto," where childhood requirements like safety and nurturing coexisted with "day-to-day . . . fights, shootings, drug use and drug transactions." PSR, Doc # 73 *SEALED*, PageID #: 346. His mother, who has died of unknown circumstances during the pendency of this case, was a drug addict with a criminal background. *Id.* at PageID #: 345. Her boyfriend, an alcoholic, helped raise Mr. Stafford, who has never met his father. *Id.* Mr. Stafford started smoking marijuana when he was 10 and drinking when he was 14. *Id.* at

PageID #: 347.  Although he never devolved into a drug addict, Mr. Stafford did begin drinking daily, generally with adults and often to the point of black-out.  Mr. Stafford acknowledges that he is an alcoholic and asks for the Court's assistance in recommending him for substance abuse treatment.  He understands that his addiction requires daily attention and is dedicated to living a substance-free life, both for himself and his nuclear family.

Mr. Stafford grew up poor.  Although his mother's boyfriends might provide money for rare glimpses of childhood -- one-off trip to Cedar Point, a single McDonald's birthday --, Mr. Stafford lacked the basic necessities of food, medicine, education, and safety.  In 2001, the Surgeon General issued a first report on the direct connection between juvenile poverty and criminality.  The Surgeon General reported that statistics showed that children from poor families have a much greater chance of becoming involved in violent crime than children from above the poverty line, even to a greater degree that neglected or abused children.  *See Youth violence: A report of the Surgeon General*.  Washington, D.C.: United States Department of Health and Human Services (2001). (https://www.hhs.gov/surgeongeneral/reports-and-publications/index.html.  Last retrieved on January 23, 2024).

At the time of the Surgeon General's findings, Mr. Stafford was 14-years old and had already racked-up 14 run-ins with the law.  PSR, Doc # 73 *SEALED*, PageID #: 330-34.  In 2002, when he was 16-years old, Lorain County bound him over, he pleaded guilty and was sentenced to three years of imprisonment.  *Id*. at 334-35.  As if an inadvertent case study of the government's study, Mr. Stafford's path followed an escalating life crime, *id*. at 335-45, which culminates in the instant offense.  Mr. Stafford does not use his up-bringing to excuse his past; he considers himself lucky that he's almost 40.

Mr. Stafford understands and accepts that he has given his immediate future to the Court and he asks for mercy, not on his part, but that of his infant son and his mother.  Mr. Stafford has written a letter to the Court, which is submitted with the memorandum.  Mr. Stafford is an

intelligent, thoughtful, and contemplative person who can thrive in terrible conditions and with no rancor.  He knows he needs support and is the type of person who will put it to immediate beneficial use.

    Mr. Stafford has pleaded guilty charged.  He fully acknowledges and accepts full responsibility and sincerely apologizes for his offenses. The low end of his advisory guidelines range as contained in the Plea Agreement is 77 months, which he respectfully and humbly requests the Court impose.  Such a sentence reflects the seriousness of the offense, is in the range for similar offenders, promotes respect for law, and provides for just punishment in this case.

    Respectfully submitted,

*/s/ Erin R. Flanagan*
ERIN R. FLANAGAN (0083291)
3091 Essex Road,
Cleveland Heights, Ohio 44118
Telephone: 216-312-9555
E-mail: erin@erinflanaganlaw.com

## CERTIFICATE OF SERVICE

On February 16, 2025, I filed the foregoing via this Court's electronic filing / case management system for access on the docket and therefrom.

By:

*/s/ Erin R. Flanagan*
Erin R. Flanagan